CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Wesley Pennington, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00866 |
| Abingdon Regional Jail and New River Valley Jail, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Wesley Pennington, a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Pennington complains about conditions at the jails where he has been housed, including the lack of psychiatric medicine, underwear, and socks.

Pennington submitted the financial documentation and the consent to collection of fees form required to support his application to proceed *in forma pauperis*. The court has reviewed this information and **GRANTS** Pennington *in forma pauperis* status.

### I.    Standard of Review

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." When the complaint of an incarcerated individual or individual proceeding *in forma pauperis* fails to state a claim upon which relief could be granted or is frivolous, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II. Analysis

This case is one of the "rare case[s]" in which an early dismissal of this action is warranted based upon Pennington's admitted failure on the face of his complaint to exhaust available administrative remedies prior to filing suit. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement is mandatory." *Anderson*, 407 F.3d at 677 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Exhaustion is required even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought, such as monetary damages, is not available through the grievance process. *Porter*, 534 U.S. at 524.

The PLRA also requires that an inmate must exhaust available administrative remedies "*before* bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (emphasis added). The requirement that a prisoner exhaust before filing in court allows defendants to address complaints before being sued, reduces litigation if grievances are satisfactorily resolved, and improves subsequent litigation by leading to the preparation of a useful record. *See Porter*, 534 U.S. at 524–25.

Here, Pennington's complaint indicated that he did not file any grievances related to the matters raised in the complaint. (Compl. at 2 (Dkt. 1).) H She noted that she did not do so because it "Doesnt [sic.] do any good." (*Id.*) Claimed futility is not, however, an exception

to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Rather, an inmate must exhaust all administrative remedies that are available. Failure to exhaust is an affirmative defense that would be raised by the defendants in a responsive pleading, so the court's authorization to dismiss complaints prior to the responsive pleading is circumscribed. However, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust [her] administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). An early dismissal without prejudice in cases where the lack of exhaustion is apparent on the face of the complaint would afford plaintiffs an opportunity to exhaust the administrative remedies that are available to them and give them the best chance to preserve their claims. Because Pennington admits in his complaint that he failed to exhaust administrative remedies, the court believes this is one of the rare cases in which an early dismissal is appropriate.

### III.   Conclusion

Pennington's complaint fails to state any viable claim upon which relief can be granted because the court cannot grant relief as to unexhausted claims. Accordingly, the court orders that this action is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is directed to mail a copy of this Memorandum Opinion and Dismissal Order to Pennington.

**ENTERED** this 3rd day of January 2025.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE